IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IOLA M.,[1]                           6:19-cv-00018-BR

      Plaintiff,                OPINION AND ORDER

v.

**Commissioner, Social
Security Administration,**

      Defendant.

**KATHERINE EITENMILLER
MARK A. MANNING**
Harder Wells Baron & Manning
474 Willamette Street
Eugene, OR 97401
(541) 686-1969

      Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JUSTIN LANE MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3735

    Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Iola M. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on April 16, 2015, alleging a disability onset date of March 23, 2014. Tr. 171-72.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 9,

---

[1] Citations to the official transcript of record filed by the Commissioner on July 30, 2019, are referred to as "Tr."

2 - OPINION AND ORDER

2017. Tr. 50-80. At the hearing Plaintiff amended her disability onset date to April 4, 2015. Tr. 54. Plaintiff was represented by an attorney at the hearing. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on February 8, 2018, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 36-49. Pursuant to 20 C.F.R. § 404.984(d) that decision became the final decision of the Commissioner on November 21, 2018, when the Appeals Council denied Plaintiff's request for review. Tr. 1-7. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on July 17, 1965, and was 52 years old at the time of the hearing. Tr. 171. Plaintiff has a ninth-grade education. Tr. 55. The ALJ found Plaintiff has past relevant work experience as a certified nursing assistant, cleaner, and cashier. Tr. 43.

Plaintiff alleges disability due to spinal stenosis in her neck, arthritis, "[d]isintegrating bone in hands," and chronic obstructive pulmonary disease (COPD). Tr. 82.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

3 - OPINION AND ORDER

medical evidence. *See* Tr. 41-43.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of

evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete

incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity (SGA) since March 23, 2014.  Tr. 38.

At Step Two the ALJ found Plaintiff has the severe

impairments of degenerative disc disease, osteoarthritis of the thumbs, and migraines.  Tr. 38.  The ALJ found Plaintiff's fibromyalgia is not a medically determinable impairment.  Tr. 39.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 39.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  Plaintiff can frequently balance, stoop, climb ramps, climb stairs, and "handle with the bilateral upper extremities"; can occasionally kneel, crouch, and crawl; and can never climb ladders or be exposed to extreme cold or workplace hazards.  Tr. 40.

At Step Four the ALJ found Plaintiff is unable to perform her past relevant work.  Tr. 43.

At Step Five the ALJ found Plaintiff can perform other work that exists in the national economy.  Accordingly, the ALJ concluded Plaintiff is not disabled.  Tr. 45.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) partially rejected Plaintiff's testimony and (2) partially rejected the opinions of Idalee Posa, M.D., Plaintiff's treating physician, and Stephen Hallas, D.O., Plaintiff's treating osteopath.

## I. The ALJ erred when he partially rejected Plaintiff's testimony.

Plaintiff asserts the ALJ erred when he partially rejected her testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified she is unable to work

9 - OPINION AND ORDER

full-time because she has "a lot of issues with migraines," she is having a lot of trouble with and pain in her neck, she suffers muscle spasms, and she has "a blown disc."  Tr. 62.  Plaintiff stated she has sciatic nerve damage, which causes her to have pains down her leg and her legs to collapse without warning. Plaintiff noted her pain "get[s] so bad . . . [she] start[s] throwing up" without warning.  Tr. 69.  Plaintiff noted she has to stand for six hours during her part-time job as a cashier, but doing so makes her hurt.  Plaintiff works Fridays and Saturdays and on Sundays she is unable to "do much of anything."  Tr. 69. Plaintiff is on oxycodone for her pain and takes one every four hours except when she is working.  When Plaintiff is working she takes an oxycodone in the morning, but she does not take another one until she is done with her shift because she "can't be on medication and be taking care of money."  Tr. 70.  Plaintiff also often has sharp pains in her hands due to osteoarthritis in her thumbs and experiences migraine headaches "all the time." Tr. 71.  She was on medication for her migraines, but her insurance stopped refilling her prescription.  As a result Plaintiff takes Excedrin Migraine for her migraines and medication for nausea.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but Plaintiff's "statements concerning the intensity,

10 - OPINION AND ORDER

persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 41.

An x-ray of Plaintiff's cervical spine performed in January 2014 reflected Plaintiff had "multilevel mild to moderate degenerative disc disease." Tr. 332. Specifically, Plaintiff had "multilevel disc height loss and small osteophyte formation, most pronounced at C5-C6 [with] mild facet arthrosis throughout cervical spine . . . no significant neural foraminal stenosis [and] minimal uncovertebral spurring." Tr. 332. An MRI of Plaintiff's cervical spine performed in January 2015 reflected "multilevel degenerative change of the cervical spine[;] . . . moderate left foraminal narrowing at C3-C4[;] . . . mild central canal narrowing . . . at C3-C4, C4-C5, and C5-C6[; and] mild left paracentral canal narrowing at C6-C7." Tr. 333. In April 2015 an MRI of Plaintiff's cervical spine reflected an "overall similar appearance to the" January 2014 findings with a "slight progression of degenerative changes at the left C3-C4." Tr. 335. In January 2016 an MRI of Plaintiff's lumbar spine reflected "mild facet hypertrophic changes" at T12-L1, L1-L2, L2-L3, L3-L4, and L5-S1. Plaintiff had moderate facet hypertrophic changes at L4-L5.

The ALJ found "[d]espite [Plaintiff's] degenerative disk disease and bilateral thumb osteoarthritis, her range of motion

was generally full and she had a normal gait, and intact muscle strength, sensation, and reflexes." Tr. 42. The record, however, reflects numerous instances in which Plaintiff had decreased "handgrip on both hands," decreased range of motion in her neck, negative straight-leg raise, hypersensitivity to touch, and decreased reflexes. *See* Tr. 310, 314, 321, 450, 481, 528, 532, 541.

The ALJ also relied on the fact that Plaintiff's treatment "has been very conservative, largely over-the-counter and prescription medication." Tr. 42. The record, however, reflects Plaintiff's insurance stopped covering her migraine medication and denied coverage for a cervical discectomy or epidural steroid injections. Plaintiff tried physical therapy, muscle relaxers, nerve relaxers, oral steroids, Toradol shots, a neck brace, acupuncture, and prescription pain medication.

The ALJ found Plaintiff's claimed limitations to be unsupported by her activities of daily living. Specifically, Plaintiff was able to care for her dog, prepare simple meals, do household chores, and go to the store. The Ninth Circuit, however, has made clear that a plaintiff's ability to perform light household chores, grocery shopping, and occasional preparation of meals does not indicate a plaintiff can perform full-time work. *See, e.g., Fair v. Bowen*, 865 F.2d 597, 603 (9th Cir. 1989). Such activities bear on credibility only when the

12 - OPINION AND ORDER

level of activity is inconsistent with a plaintiff's alleged
limitations.  *Reddick v. Chatef*, 157 F.3d 715, 723 n.1 (9th Cir.
1998).  Here Plaintiff's activities reflect some degree of
functionality, but the ALJ did not identify inconsistencies
between Plaintiff's activities and her alleged level of
impairment.

The Court finds on this record that the ALJ erred when he
partially rejected Plaintiff's testimony regarding the intensity,
persistence, and limiting effects of Plaintiff's symptoms because
the ALJ failed to provide specific and legitimate reasons for
doing so based on substantial evidence in the record.

**II.  Opinions of Drs. Posa and Hallas**

Plaintiff asserts the ALJ erred when he partially rejected
the opinions of Dr. Posa, Plaintiff's treating physician, and
Dr. Hallas, Plaintiff's treating osteopath.

An ALJ may reject a treating physician's opinion when it is
inconsistent with the opinions of other treating or examining
physicians if the ALJ makes "findings setting forth specific,
legitimate reasons for doing so that are based on substantial
evidence in the record."  *Thomas v. Barnhart,* 278 F.3d 947, 957
(9th Cir. 2002).  When the medical opinion of a treating
physician is uncontroverted, however, the ALJ must give "clear

and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

**A.  Dr. Posa**

As noted Plaintiff asserts the ALJ erred when he partially rejected the opinion of Dr. Posa.

On July 2, 2015, Dr. Posa completed a Medical Evaluation form in which she noted Plaintiff suffers from degenerative disc disease and arthritis in her right thumb. Dr. Posa noted Plaintiff experiences chronic pain, weakness, and numbness as a result of her impairments. Dr. Posa described "oxycodone" as Plaintiff's treatment and noted Plaintiff experiences side effects of fatigue and drowsiness from oxycodone. Dr. Posa, however, also noted Plaintiff does not have to "lie down or rest periodically during the day." Tr. 284. Dr. Posa indicated Plaintiff can stand and/or walk "at least 2 hours in an 8-hour workday," can sit for less than six hours in an eight-hour workday, can lift 20 pounds occasionally, and can never lift 50 or 100 pounds. Dr. Posa did not indicate how often Plaintiff could lift ten or "less than 10 pounds." Tr. 285. Finally, Dr. Posa noted Plaintiff's "medically determinable impairments [are] sufficiently severe that she would be unable to maintain a regular work schedule" more than two days per month. Tr. 285.

The ALJ gave "partial weight" to Dr. Posa's opinion. Specifically, the ALJ found Plaintiff's "limitations regarding reducing [*sic*] sitting, stand [*sic*], and missed work are not supported" by the medical evidence. Tr. 43. The ALJ noted Plaintiff had several unremarkable examinations with Dr. Posa, who reported Plaintiff had a full range of motion, intact muscle strength, and a normal gait. Dr. Posa, however, failed to fill out the part of the Medical Evaluation that asked her to describe "the patient's signs (relevant clinical findings, test results, etc.)" to support her evaluation. Tr. 283.

The record reflects Plaintiff experienced decreased range of motion "of the cervical spine secondary to pain and discomfort" during a number of visits with Dr. Posa and Dr. Posa's clinic. *See* Tr. 271, 279, 310. In addition, although the record does not reflect any report by Plaintiff that she cannot sit for more than two hours, reviewing physician Neal Berner, M.D., opined Plaintiff could stand and/or walk no more than six hours in an eight-hour work day and reviewing physician Susan Moner, M.D., made the same finding. Tr. 88, 101. Treating osteopath Dr. Hallas opined Plaintiff could stand and/or walk five hours in an eight-hour workday. Tr. 581.

On this record the Court concludes the ALJ erred when he partially rejected Dr. Posa's opinion because the ALJ did not provide specific and legitimate reasons for doing so based on

15 - OPINION AND ORDER

substantial evidence in the record.

**B. Dr. Hallas**

As noted Plaintiff asserts the ALJ erred when he partially rejected the opinion of Dr. Hallas, treating osteopath.

On October 26, 2017, Dr. Hallas completed a Medical Evaluation form in which he diagnosed Plaintiff with chronic bilateral low-back pain with bilateral sciatica, chronic right-shoulder pain, COPD, degenerative disc disease, osteoarthritis of metacarpal joints of both thumbs, and neck muscle spasms. Dr. Hallas described Plaintiff's symptoms as "neck pain leading to headaches 2-3x/week, muscle spasms, nausea, finger numbness, burning midback → tailbone → down legs, foot pain (bunions), [and] weakness in hands." Tr. 580. Dr. Hallas noted the following relevant clinical findings/test results:

> lumbar MRI done 5-16-16 showing multi-level degenerative changes with some contact with the nerves, XRay lumbar spine done 2-10-16 narrowing of the disc space at bottom of spine, 3-10-15 cervical xray degenerative changes with disc space narrowing, 4-1-15 cervical slight progression of degenerative changes, persistent anterolisthesis, incidental nerve root sleeve cysts.

Tr. 580. Dr. Hallas stated Plaintiff has to lie down once per day for two-to-three hours due to pain and fatigue. Dr. Hallas indicated Plaintiff can walk one city block without rest or significant pain, can sit for 30 minutes at a time, can stand/walk for 10 minutes at a time, can sit for a total of one hour in an eight-hour work day, can stand/walk for a total of

16 - OPINION AND ORDER

five hours in an eight-hour work day, can occasionally lift less than 10 pounds, can never lift 10 pounds or more, would need to take unscheduled 20-minute breaks throughout an eight-hour work day, and would miss more than four days of work per month.

The ALJ gave "little weight" to Dr. Hallas's opinion on the ground that the "extreme limitations outlined by [him] are not consistent with the medical evidence of record," Plaintiff's activities of daily living, and Plaintiff's work activity. The ALJ noted Plaintiff walked a half-mile to and from work two days per week; the record does not reflect Plaintiff rested two-to-three hours per day; and Plaintiff was able to prepare simple meals, do household chores, go to the store, and care for her dog. In addition, no other treating or examining medical professional opined Plaintiff would miss more than four days of work per month.

On this record the Court concludes the ALJ did not err when he gave little weight to Dr. Hallas's opinion because the ALJ provided specific and legitimate reasons for doing so based on substantial evidence in the record.

## **REMAND**

The Court must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits.

The decision whether to remand for further proceedings or

17 - OPINION AND ORDER

for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

The Court has determined the ALJ erred when he improperly partially rejected Dr. Posa's opinion and Plaintiff's testimony. Dr. Posa opined, among other things, that Plaintiff would miss at least two days of work per month. Plaintiff also testified she could not work a full-time schedule due to pain. The VE testified an individual who would be absent from work more than two days of work per month would not be able to maintain

18 - OPINION AND ORDER

competitive employment.

After giving Plaintiff's testimony and Dr. Posa's opinion the weight required by law, the Court concludes Plaintiff cannot work on a regular and continuing basis and, therefore, is disabled. *See* 20 C.F.R. §§ 404.1545(b), 416.945(b)(RFC is ability to work on "regular and continuing basis"). *See also* SSR 96-8p ("regular and continuing basis" is "8 hours a day, for 5 days a week, or an equivalent work schedule"). The Court, therefore, concludes this matter should not be remanded for further proceedings. *See Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000). *See also Reddick*, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

Accordingly, the Court remands this matter for the immediate calculation and award of benefits to Plaintiff.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of

19 - OPINION AND ORDER

42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 6th day of February, 2020.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge